UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLTON HARRISON, individually and of behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br><br>MAXSIP CORPORATION d/b/a Maxsip,<br><br>Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Carlton Harrison ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against MAXSIP CORPORATION d/b/a Maxsip ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff and other similarly situated consumers, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), and related regulations. Plaintiff specifically brings his claims under the National Do Not Call provision of 47 C.F.R. § 64.1200(c) as Defendant invaded Plaintiff's privacy.

2. Although Plaintiff registered his cellular telephone number on the National Do Not Call Registry, Defendant transmitted numerous unauthorized telemarketing text messages to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff.

1

3. By making such telephone solicitations, Defendant has invaded the personal privacy of Plaintiff and members of the Class (defined below).

4. The TCPA was enacted to protect consumers from unsolicited and unwanted text messages exactly like those alleged in this case.

5. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited text messages as well as an award of statutory damages for himself and all members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

6. Plaintiff is an individual and citizen of Alabama and, at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Upon information and belief, Defendant is, and at all times mentioned herein was, a domestic corporation with its nerve center located in Nassau County at 11 Sunrise Plaza, Suite # 306, Valley Stream, New York. Plaintiff alleges that at all times relevant to this Complaint, Defendant conducted business in the State of New York and within this judicial district. At all times mentioned herein, Defendant was a "person" as defined by 47 U.S.C. § 153(39).

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, vendors, servants, representatives, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, representatives or employees.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under a federal statute.

10. The Court has personal jurisdiction over Defendant because: (i) Defendant is located in Nassau County; (ii) conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTUAL ALLEGATIONS

12. Defendant provides certain Internet-based communications solutions, which VOIP (Voice Over Internet Protocol), and is a certified Competitive Local Exchange Carrier.[1]

13. Unfortunately, Defendant has sought to grow its business by flagrantly disregarding the TCPA and its governing regulations.

**Plaintiff Receives Unsolicited Telemarketing from Defendant**.

14. Plaintiff, *himself*, registered his cellular telephone number ending in - 1979 ("Cell Phone") on the National Do Not Call Registry.

15. Plaintiff's Cell Phone is used solely for residential purposes.

16. Plaintiff placed his own number on the DNC list (as opposed to someone else placing his numbers on the list).

17. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call.

---

[1] https://www.maxsip.com/about (last visited August 5, 2024).

3

18. Despite its obligations under the TCPA, Defendant began unlawfully soliciting Plaintiff on his Cell Phone.

19. Specifically, in December of 2023, Plaintiff received autodialed calls from Defendant.

20. On these calls, Defendant indicated that they would provided him with "free internet."

21. Defendant's agents requested his social security number for these services.

22. Plaintiff told Defendant's agents that he was not interested.

23. Unfortunately, Defendant's unsolicited telemarketing continued.

24. Specifically, Defendant then transmitted the following two unsolicited telemarketing text messages:

– **INTENTIONALLY LEFT BLANK –**



25. Such phone calls and text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

26. Plaintiff received these unlawful telephone solicitations from Defendant and/or a third party acting on Defendant's behalf within a 12-month period.

27. Plaintiff did not provide Defendant with his cellular telephone number at any point in time, nor did Plaintiff give permission for Defendant to make telephone solicitations to him or to send him telemarketing messages.

28. Plaintiff did not have an established business relationship with Defendant prior to or during the time of the telephone solicitations from Defendant.

29. Plaintiff did not have a personal relationship with Defendant at any point in time.

30. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to call or direct messages to Plaintiff's personal cellular telephone for marketing or solicitation purposes.

31. Upon information and belief, Defendant did not make the telephone solicitations to Plaintiff and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

32. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations to Plaintiff and other similarly situated persons in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

33. Upon information and belief, Defendant and/or a third party acting on Defendant's behalf made the above-described and substantially similar unlawful telephone solicitations nationwide to thousands of telephone numbers that were registered on the National Do Not Call Registry.

34. Upon information and belief, Defendant has intentionally and repeatedly violated the TCPA.

35. Plaintiff properly alleges injuries in fact, which are traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Class defined below.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the Class, which include:

> All persons within the United States, to whom Defendant and/or a third party acting on Defendant's behalf, made two more telephone solicitations that promoted Defendant's products or services, to a cellular telephone number, while the recipient's telephone number was registered on the National Do Not Call Registry for at least 31 days, within any twelve-month period within the four (4) years prior to the filing of the Complaint.

37. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose

cellular telephone numbers were on the National Do Not Call Registry. Plaintiff and the Class members were damaged thereby.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were registered on the National Do Not Call Registry and who had neither an established business relationship nor a personal relationship with Defendant;

b. Whether Defendant's telephone solicitations were made to cellular telephone numbers;

c. Whether Defendant obtained prior express written consent to make telephone solicitations to Plaintiff or the Class members' telephones;

8

  d.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  e.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

  43.  As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

  44.  Plaintiff and the members of the Class have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

  45.  Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

  46.  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for

violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

47. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## NEGLIGENT VIOLATIONS
## OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ.*

48. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

50. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ.*

52. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of

the above-cited provisions of 47 U.S.C. §§ 227, *et seq*., including implementing regulation 47 C.F.R. § 65.1200(c).

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully prays for the following relief and judgment against Defendants:

a. An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and appointing the law firms representing Plaintiff as Class Counsel;

b. An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

c. On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

    d. On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

    e. Post-judgment interest as allowed by applicable law; and

    f. Any other further relief that the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all issues so triable and all questions of fact raised by the Complaint.

Dated: August 5, 2024
       New York, New York

**KAZEROUNI LAW GROUP, A.P.C.**

By: _____
Ross H. Schmierer, Esq.
(State Bar No. 4145702)
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

*Attorneys for Plaintiff*